Gilmore, J.
The demurrer to the first cause of action should have been sustained.
The money for the recovery of which the action was brought, was received by the sheriff' during his first term of office, and before the execution of the bond on which the action was brought.
Whether the money was rightfully received by the sheriff, •Or whether he converted it by mixing it with other moneys belonging to him, and depositing them in bank to his individual credit, is, in the view that we take of the case, wholly immaterial. Putting the case in the most favorable aspect for the plaintiff below, it is assumed that the sheriff rightfully received the money in his official capacity in November and December, 1867, shortly before his first term of office expired, and that the money was in his hands at the time his bond for his second term, upon which the defendants are sureties, was executed; and that it was still in his hands when the court ordered its distribution and payment to the plaintiff and others by tiie sheriff; still, the plaintiff was not entitled to recover.
Previous to the act of April 30, 1868 (S. & S. 734), there was no law in this state authorizing or requiring an outgoing *384 sheriff to deliver over to his successor, moneys, notes or mortgages, received, and taken by him in his official capacity. The transactions in this case' occurred before this act was-passed, and the case must be governed by the law as it stood at the time the transactions occurred.
Without reference to what may be the law on this subject in other sfates, it was settled in this state that where money was received by a sheriff' in his official capacity, the duty of holding aud properly disposing of it, was an official duty devolved ou him by law while in office, aud though his-term ends, the duty continues until discharged. King v. Nichols, 16 Ohio St. 80; Brobst v. Skillen, 16 Ohio St. 382; Griffin v. Underwood, 16 Ohio St. 389.
The fact that Lewis was his own successor in this instance does not affect the case.
Neither does the fact that the court, after the commencement of his second term, impliedly found that'the money was then in his hands, and ordered its payment to the parties entitled to it, have the effect of chauging the sheriff’s relation to the money, or of altering his official duty in reference to it. If he had not been re-elected, the money would have remained in his hands, until the court ordered, him to pay it out, and then his duty to pay in accordance with the order would have been imperative; for, as that was-a duty that attached when the money was received, it would have continued until it was paid out to the parties entitled to it, and the fact that he was his own successor, neither enlarged nor restricted the duty
Neither did the time that the demand was made upon the-sheriff for the money, in any way affect his official duty.
When the demand was made, and the sheriff refused to pay, he was guilty of a breach of official duty, and by relation, this operated a breach of the condition of the official bond in force at the time the mqney was received, and for which the sureties ou the bond for the second term, which was subsequently executed, are not liable.
The demurrer to the first cause of action is sustained.
*385 2. The demurrer to the second cause of action was properly overruled.
The sale made to Preston and' reported to the court by the sheriff, was continued for confirmation. The court thus, retained jurisdiction of the parties and of the subject-matter. The subsequent sale by Preston to Paugh was-sanctioned by the court, and Paugh was substituted as the purchaser and the sale confirmed to him, and the deed was-ordered to be, and was made to him accordingly.
The price that Paugh agreed to pay for the land was considerably greater than, that at which Preston-had bid it in ;. and although the order of distribution is based on the-amount agreed to lie paid by Paugh, we think the transaction must, at least, be regarded as a judicial sale at the price at which the property was bid iu by Preston, and to-this extent the sheriff was officially bound to make distribution of the proceeds. The only sum that Lewis received, on this side was $500, which was much less than Preston’s-bid; and he must be regarded as having received this sum in his official capacity'. It was received after he had entered upou his second term of office, and, hence, while the bond, sued on was iu force. Having failed to pay to the plaintiff" below, on demand, her share of the sum so paid by Paugh,. in pursuance of the order of the court, she must recover on this cause of action, unless the matter set up in the answer- and not denied constitutes a defense, or unless the issue joined should have been found for the defendants upon the evidence.
As to the first, the fact that the successor of Lewis has-subsequently received from Paugh, and paid out in pursuance of the order of the court, the last two installments of the purchase-money of lot No. 7, aud that these sums, together with what Lewis has paid out of the $500, amount to more than the sum at which Preston purchased the lot,, do not, we think, constitute a defense to this cause of action. It has been said Lewis received the $500 officially, and his. duty to pay7, the same out in pursuance of the order-of the- *386 court became at once fixed ; and - no subsequent act of his :suceessor in reference to other funds, could have the effect ■of relieving him from the discharge of his official duty in refez’enee to the fund so in his hazzds.
Th.e issue made by the answer to this cause of action, and the reply thereto, was properly found for the plaintiff. The only evidence offered on this issue was the written contract between Preston andPaugh, which was relied upon by the ■defendants below to establish the fact that the sale as between Preston* and Pangh was private, and that there was •a private agreement made with Lewis by which he was to act as the agent of all the parties in receiving and distributing..the proceeds of the sale made to Paugh. But .when this evidence, is'taken in connection with the proceedings and order of the couz’t in confirming the sale, and ordering the distribution as they appear in the record, it wholly fails ■to prove the issue for the defendants below.
The judgment is erz’ozieous as to the first cause of action, and as to this must be revez’sed. The zccoz’d contains data fi’om which the amouizt that the plaintiff below is entitled to recover on the second cause of action can be ascertained ; and this court, proceeding to render the judgment that the district court should have rendered, will give judgment in favor of the plafhtiff below for the amount appearing to be ■due on the second cause of action.

Judgment accordingly.